**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                  :
FRANK CUSANO,                     :
                                  :   Civil Action No.
            Petitioner,           :   09-4214 (JBS)
                                  :
       v.                         :   **MEMORANDUM OPINION**
                                  :
UNITED STATES OF AMERICA,         :
                                  :
            Respondent.           :
_____ :

**SIMANDLE, District Judge**:

    This matter is before the Court upon submission of Petitioner's application for habeas corpus relief, pursuant to 28 U.S.C. § 2241,[1] see Docket Entry No. 1, and it appearing that:

---

[1] The Petition arrived unaccompanied by Petitioner's filing fee or his in forma pauperis application. The "revised [Habeas] Rule 3(b) requires the [C]lerk to file a petition, even though it may otherwise fail to comply with [Habeas] Rule 2. The [R]ule . . . is not limited to those instances where the petition is defective only in form; the [C]lerk [is] also required . . . to file the petition even though it lack[s] the required filing fee or an in forma pauperis form." 28 U.S.C. § 2254, Rule 3, Advisory Committee Notes, 2004 Am. However, Section 1914, the filing fee statute, provides in relevant part that "the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5." 28 U.S.C. § 1914(a). The accompanying provision, Section 1915, governs applications filed in forma pauperis and provides, in relevant part, that leave to proceed in forma pauperis may be granted in any suit to a litigant who submits a sufficient application. See 28 U.S.C. § 1915(a)(1). Therefore, this Court will construe Petitioner's filing of the Petition as an act indicative of Petitioner's willingness to assume financial responsibilities associated with initiation of this matter, see Hairston v. Gronolsky, 2009 WL 3303712 (3rd Cir. Oct. 15, 2009) (clarifying that, regardless of the litigant's willingness or unwillingness to be assessed the

1. The Petition, which is a lengthy narrative composed of Petitioner's numerous legal conclusions having no obvious connection among themselves, does not allow the Court an in-depth understanding of Petitioner's claims. See id. However, it appears self-evident from the face of the Petition that the narrative, in its totality, expresses Petitioner's desire to challenge the judgment of conviction entered in his criminal case.[2]  See id.

2. However, the Petition unambiguously indicates that Petitioner filed a § 2255 motion with his sentencing court, appealed denial of that motion to the United States Court of Appeals for the Second Circuit, and had his application for certiorari denied by the United States Supreme Court. See id. at 9.

3. Petitioner asserts that this Court has jurisdiction over Petitioner's instant application under In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997), and relies on the holding of Abuelhawa v. United States, 129 S. Ct. 2102 (2009). See Docket Entry No. 1, at 9-10.

---

filing fee, the litigant's "legal obligation to pay the filing fee [is automatically] incurred by the initiation of the action itself") (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)), and will direct Petitioner to either submit his filing fee or to file his complete in forma pauperis application.

[2] It seems that Petitioner challenges the voluntariness of his plea and/or the correction of his trial court's determination (as to the nature or severity of Petitioner's criminal offense).

4.  Petitioner errs. This Court is without jurisdiction under § 2241 to entertain Petitioner's instant application.  A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

5.  Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).  As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the

sentencing court.[3]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's

---

[3] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

detention.[4]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d at 251.  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id. (emphasis supplied).  Indeed, "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping

---

[4] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

6. The Dorsainvil exception, upon which Petitioner relies, is extremely narrow.  In Dorsainvil, the Court of Appeals held that the remedy provided by § 2255 is "inadequate or ineffective" (hence, permitting resort to § 2241, a statute without timeliness or successive petition limitations), only where it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  See In re Dorsainvil, 119 F.3d at 251-52.

7. Here, the Petition does not even suggest that Petitioner's conduct may not have been criminal conduct at all, and Petitioner's reference to Abuelhawa cannot cure this threshold shortcoming.  The gist of Abuelhawa was as follows: in the course of listening under a cell phone tap warrant, the government recorded six calls between a suspected dealer and petitioner defendant. Defendant was charged with six felonies on the theory that each of the phone calls was made in violation of 21 U.S.C. § 843(b). The U.S. Court of Appeals for the Fourth Circuit affirmed his

conviction; and the Supreme Court granted certiorari to resolve a split among the Courts of Appeals as to the scope of § 843(b).  Addressing the issue of whether a usage of a telephone made a misdemeanor drug purchase facilitated felony drug distribution in violation of 21 U.S.C. § 843(b), the Court concluded that: (a) there was no question that Congress intended § 843(b) to impede illicit drug transactions by penalizing the use of communication devices in coordinating illegal drug operations, but (b) it did not follow from the language of the statute that Congress meant to expose a first-time buyer of drugs for personal use to the punishment far more severe than that reserved for a recidivist offender who purchases drugs without resorting to the use of communication devices, i.e., in person.  In other words, the Abuelhawa Court never even suggested that drug transactions, be they sales or purchases, might be non-criminal; rather, the Court merely addressed the issues of severity of the crime and severity of the punishment.

8. The Petition -- while sketchily written -- unambiguously indicates that Petitioner committed an illegal drug transaction (or a series of such transactions), and was sentenced on the grounds of such offense(s).[5]  Since the

---

[5]  Here, it appears that Petitioner acted as a drug dealer/ intermediary/purchaser during three controlled substance transactions that involved the total of eight bags of heroin, two

holding of <u>Abuelhawa</u> did not construe 21 U.S.C. § 843(b) as legalizing drug transactions,[6] § 2255 was neither inadequate nor ineffective vehicle for Petitioner's challenges to the severity of the charge to which he pled guilty (or to the severity of his sentence).  In sum, this matter squarely falls outside the narrow <u>Dorsainvil</u> exception.  This Court, therefore, is constrained to dismiss the Petition for lack of jurisdiction.[7]  The accompanying Order will be entered.

**November 6, 2009**                              **s/ Jerome B. Simandle**
Date                                          Jerome B. Simandle
                                              United States District Judge

---

of which were shared with Petitioner by another purchaser who later died of a heroin overdose.

[6]  Although Petitioner self-servingly "claims that he is imprisoned for having committed a non-existent crime" under the holding of <u>Abuelhawa</u>, Docket Entry No. 1, at 10, Petitioner points to no language in <u>Abuelhawa</u> stating that either drug purchases or drug sales are not criminal offenses, and this Court, on its own, could not find any language so suggesting.

[7]  Since Petitioner's conviction and sentence were already addressed by his trial court, the Second Circuit and the Supreme Court, this Court finds it not in the interests of justice to construe the Petition as an application for leave to file a second/successive § 2255 motion and, upon such construction, to transfer the Petition to the Court of Appeal for the Second Circuit.  However, the Court stresses to Petitioner that the Court's decision not to construe the Petition in such fashion (and not to forward it to the Second Circuit) does not, in any way, prevent Petitioner from filing an application to that effect with the Second Circuit in the event Petitioner so desires.